UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAMON ANTONIO LOPEZ

    v.                                                  3:09-cv-22 (CSH)

THERESA LANTZ, ET AL.

## INITIAL REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Northern Correctional Institution ("Northern") in Somers, Connecticut, filed this complaint pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 against Department of Correction Commissioner Theresa Lantz, Deputy Commissioner Brian Murphy, Warden Jeffrey McGill, Lieutenant Melvin Saylor and Correctional Officers McCala, Emelmmen and Yohe. Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). But "'[a] document filed

*pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

In March 2007, plaintiff was incarcerated at Northern. He asserts that in March 2007, someone stole a copy of an exhibit to a grievance plaintiff had filed when he was incarcerated at Cheshire Correctional Institution. In response to plaintiff's request for a copy of the exhibit that was stolen, Warden McGill informed plaintiff that the grievance coordinator did not have a copy. Plaintiff wrote to Commissioner Lantz and Deputy Commissioner Murphy about the missing exhibit, but they did not respond to the letter.

On September 4, 2008, Warden McGill placed plaintiff on grievance restriction. On October 10, 2008, inmates at Northern were placed on lockdown for seven days. On October 15, 2008, Officers McCala, Emmelman and Yohe, along with several other officers, removed plaintiff from his cell in order to search it. When plaintiff was placed back in his cell, he observed that his cell was in complete disarray. When plaintiff had finished re-organizing his paperwork, he noticed that an incident report from September 2005 was missing. Lieutenant Saylor refused to take a "letter request" from the plaintiff regarding the missing incident report. Plaintiff then wrote to Captain Cahill regarding the missing incident report. On October 22, 2008, Captain Cahill informed plaintiff that he had interviewed all of his staff and they all denied any knowledge of the missing incident report. On November 5, 2008, plaintiff noticed that pages from his date book for the period of June 20 to July 20, 2008 were missing.

Despite the fact that Warden McGill placed plaintiff on grievance restriction on September 4, 2008, plaintiff submitted a grievance on October 28, 2008 regarding the incident

report that was missing after the search of his cell on October 15, 2008.  Plaintiff had not received a response to the grievance as of December 7, 2008, the date he signed the complaint.

To state a claim under section 1983, the plaintiff must allege facts showing that the defendant, a person acting under color of state law, deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982).   Plaintiff asserts that these conditions of confinement violated his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights and seeks injunctive relief.

Plaintiff alleges that the searches of his cell and the alleged confiscation of an incident report and pages from his date book by defendants constitute retaliation against him for having engaged in "protected activities."   In order to establish a First Amendment retaliation claim, an inmate must demonstrate (1) "that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).  To demonstrate adverse action, an inmate must plead and prove that he was subjected to retaliatory actions "that would deter a similarly situated individual of ordinary firmness from exercising, constitutional rights." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)). Courts consider inmate retaliation claims "with skepticism and particular care," because "virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act." *Dawes*, 239 F.3d at 491.

Plaintiff asserts that in January 2005, he wrote a letter to United States District Court

Judge Robert N. Chatigny regarding the execution of Michael Ross.  Plaintiff claims that the alleged confiscation of a grievance addendum that occurred in March 2007 and the search of plaintiff's cell and alleged confiscation of an incident report and pages from plaintiff's journal that occurred in October 2008 constitute retaliation for the letter sent to Judge Chatigny in early 2005.  There is no dispute that the filing of prison grievances or letters is a constitutionally protected activity.  *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (holding that prison officials are prohibited from retaliating against prisoners who exercise the right to petition for redress of grievances); *Ziemba v. Lantz*, 390 F. Supp. 2d 136, 156 (D. Conn. 2005) (holding inmate had constitutionally protected right to petition government for redress by sending letters of complaint to warden) .

Even assuming that the alleged confiscation of an addendum to a grievance that occurred in March 2007 and the search of plaintiff's cell and alleged confiscation of an incident report and pages from plaintiff's journal that occurred in October 2008 constituted adverse action, plaintiff has not sufficiently alleged a causal connection between these actions and his letter to Judge Chatigny in 2005, as the purportedly retaliatory actions occurred almost two years after plaintiff sent the letter.  Nor are there any other facts to suggest that the conduct of the defendants in 2007 and 2008 constituted retaliation for the letter plaintiff sent to Judge Chatigny in January 2005 regarding the execution of Michael Ross.  The First Amendment retaliation claim is dismissed as lacking an arguable legal basis.  *See* 28 U.S.C. § 1915A(b)(1).

Plaintiff's allegations may also be construed as asserting a First Amendment claim for denial of access to courts.  It is well settled that inmates have a First Amendment right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 828  (1977) *(modified on other grounds by*

*Lewis v. Casey*, 518 U.S. 343, 350 (1996)). To establish an actual injury, the plaintiff must show that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts. *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002)). For example, the plaintiff could demonstrate an actual injury by providing evidence "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known," or that he was unable to file a complaint alleging actionable harm because the legal assistance program was so inadequate. *Lewis*, 581 U.S. at 351. An inmate's conclusory assertion that he suffered prejudice is insufficient to establish an access to courts claim. *See Arce v. Walker*, 58 F. Supp. 2d 39, 44 (W.D.N.Y. 1999) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)).

The plaintiff asserts that in 2007 and 2008, the defendants confiscated an incident report and an addendum to a grievance as well as pages from his date book covering the period from June 20 to July 20, 2008. Between January 2008 and January 2009, plaintiff filed eight civil rights actions in this court.[1] At least one of those cases includes allegations related to incidents that occurred during the time period in 2008 covered by the missing pages from plaintiff's date book. (*See Lopez v. Lantz*, Case No. 3:09cv38 (CSH) (complaint) and *Lopez v. Lantz*, Case No. 3:08cv1865 (CHS) (amended complaint)). In addition, although plaintiff alleges in this

---

[1] Those cases are: *Lopez v. Esposito*, Case No. 3:08cv152 (WWE) (filed 01/29/08); *Lopez v. Dzurenda*, Case No. 3:08cv161(SRU) (filed Jan. 30, 2008); *Lopez v. McEwan*, Case No. 3:08cv678 (JCH) (filed May 2, 2008); *Lopez v. Falcone*, Case No. 3:08cv1158(CSH) (filed August 1, 2008); *Lopez v. Lantz*, Case No. 3:08cv1865 (CSH) (filed Dec. 9, 2008); *Lopez v. McGill*, Case No. 3:08cv1931 (CSH) (filed Dec. 22, 2008); *Lopez v. Lantz*, Case No. 3:09cv22 (CSH) (filed Jan. 7, 2009); *Lopez v. Lantz*, Case No. 3:09cv38 (CSH) (filed Jan.12, 2009);

complaint that Warden McGill placed him on grievance restriction on September 4, 2008, he attached to the other complaints he filed in January and February 2009 various grievances dated September, October and December 2008, along with responses to those grievances. (*See id.*) Thus, plaintiff has not alleged facts to show that he was precluded from filing a lawsuit in this or any other court. Accordingly, his access to courts claim fails and is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff alleges that the defendants violated his Fourth Amendment rights when they searched his cell and allegedly seized the documents described above. As a prisoner, the plaintiff has no expectation of privacy in his cell. Thus, the Fourth Amendment proscription against unreasonable searches and seizures does not apply. *See Hudson v. Palmer*, 468 U.S. 517, 526 & 528 n.8 (1984) (holding that the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell and that unauthorized intentional deprivations of property are not constitutional violations if the state provides an adequate post-deprivation remedy). Plaintiff has adequate post-deprivation state judicial remedies regarding the alleged confiscation of papers from his cell. *See Malapanis v. Regan*, 335 F. Supp. 2d 285, 292-93 (D. Conn. 2004); Conn. Gen. Stat. § 54-33f; Conn. Gen. Stat. § 4-142. The Fourth Amendment claim is dismissed. See 28 U.S.C. § 1915A(b)(1).

The plaintiff also alleges that the defendants violated his Fifth Amendment Due Process rights. The Fifth Amendment applies to the federal government, not to the states. *See Bussey v. Phillips,* 419 F. Supp. 2d 569, 586 (2006) (citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)). Because the defendants are state employees, the plaintiff has alleged no "federal action." All claims for violation of the plaintiff's rights guaranteed by the Fifth Amendment are

dismissed.  See 28 U.S.C. § 1915A(b)(1).

The plaintiff claims that McCala, Emmelman and Yohe subjected him to cruel and unusual punishment in violation of the Eighth Amendment when they searched his cell and scattered thousands of pages of his legal documents around his cell.  Plaintiff alleges that it took him hours to organize and re-file his documents.  Plaintiff also asserts that during the same cell search, defendants McCala, Emmelman and Yohe confiscated a September 2005 incident report falsely accusing plaintiff of sexual assault of another inmate.  Plaintiff claims that this incident report could be used by correctional staff to harass, annoy, humiliate or blackmail him.

The Eighth Amendment protects inmates against conditions of confinement that rise to the level of cruel and unusual punishment.  Plaintiff's conditions of confinement must meet "minimal civilized measures of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). This means that prison officials must provide for inmates' "basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety." *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200 (1989).  Plaintiff alleges no facts suggesting that his basic needs were not met.  The claims that the confiscated incident report could be used to harass or humiliate him are speculative.  The Eighth Amendment claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff alleges that the defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment because they treated him differently than other inmates when they conducted searches of his cell and that there was no rational basis for this difference in treatment.  To state a valid equal protection "class of one" claim, a plaintiff must allege (1) that he has been intentionally treated differently from others similarly situated, and (2) that there is no

rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "In order to succeed on a 'class of one' claim, the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005). "[T]he standard for determining whether another person's circumstances are similar to the plaintiff's must be ... whether they are 'prima facie identical.'" *Id.* at 105 (quoting *Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002)).

Plaintiff claims that the defendants searched his cell in a disrespectful and unprofessional manner by confiscating his documents, leaving his papers in disarray and causing him emotional distress. Plaintiff has not identified any similarly situated inmates who were treated differently from him, much less shown an "extremely high" level of similarity between him and them. In fact, plaintiff claims that two other inmates in the same housing unit were subjected to cell searches intended to cause them emotional stress and frustration and that other unpopular inmates were also subject to unprofessional cell searches. Thus, the complaint contains no factual basis for a "class of one" equal protection claim and the claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff also brings this action pursuant to 42 U.S.C. §§ 1985 and 1986. Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings. Plaintiff is not a federal official and his claims are not related to participation of witnesses in judicial proceedings. Thus, the first two subsections of 42 U.S.C. § 1985 are inapplicable to this action.

Generally, section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws. In order to state a claim pursuant to this provision, plaintiff must allege: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege. *Iqbal v. Hasty*, 490 F.3d 143, 176 (2d Cir. 2007), *rev'd on other grounds*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Importantly, plaintiff must show that the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus. *Id.* Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

Plaintiff alleges no facts suggesting that the actions of any defendant were taken because of his race or other discriminatory animus and does not include facts to support an equal protection claim. Thus, he fails to state a claim cognizable under section 1985(3). The section 1985 claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

Section 1986 provides relief only if "any of the wrongs conspired to be done, and mentioned in section 1985 of this title" are actually "committed." 42 U.S.C. § 1986. In other words, "§ 1986 claims must be predicated on a valid § 1985 claim." *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000) (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993), *overruled in part on other grounds by Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). Because the court has dismissed plaintiff's section 1985 claim, the section 1986 claim must be dismissed as well pursuant to 28 U.S.C. § 1915A(b)(1).

**CONCLUSION**

In accordance with the foregoing analysis, the complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's Motion for Temporary Restraining Order [**Doc. 3**] is **DENIED** as moot. If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3)(2000). The Clerk shall close the case.

**SO ORDERED** at New Haven, Connecticut this 12th day of March, 2010.

          */s/ Charles S. Haight, Jr.*
          Charles S. Haight, Jr.
          Senior United States District Judge